

FILED
MAY 16 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LESTER WATERS, JR., | 5:21-CV-5067-CBK |
| Petitioner, | |
| vs. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM AND ORDER** |
| Respondent. | |

## I.    BACKGROUND

Lester Waters, Jr. ("petitioner") was found guilty by a jury of his peers of two counts of Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1153; two counts of Assault Resulting in Serious Bodily Injury, violative of 18 U.S.C. §§ 113(a)(6), 1153; and two counts of Discharging, Brandishing, or Possessing a Firearm During and in Relation to a Crime of Violence, pursuant to 18 U.S.C. §§ 934(c)(1)(A)(iii). 5:18-CR-50015-JLV ("C.R."),[1] doc. 153.  United States District Court Judge Jeffrey Viken sentenced Mr. Waters to time served on the Assault with a Dangerous Weapon convictions; time served on the Assault Resulting in Serious Bodily Injury convictions; and 120 months on each of the Discharging, Brandishing, or Possessing a Firearm During and in Relation to a Crime of Violence convictions, consecutive to each other and to all other sentences, followed by three years of supervised release on all counts, to run concurrently.  C.R. doc. 281.  The petitioner is currently incarcerated at Federal Correctional Institution Big Spring, in Texas, with an expected release date of August 14, 2037.

During the underlying criminal proceedings, the petitioner wound his way through six lawyers, and ultimately representing himself *pro se* at times.  Prior to trial, the

---

[1] References to the underlying criminal proceedings are referred to as "C.R."

defendant's counsel moved to suppress statements Waters provided to law enforcement who arrived on scene after he shot and grievously injured Elgie Iron Bear and Charles Janis.  C.R. doc. 55.  Following an evidentiary hearing, United States Magistrate Judge Daneta Wollman submitted her Report and Recommendation granting in part, denying in part, the petitioner's motion to suppress.  C.R. doc. 87.  Judge Viken adopted the Report and Recommendation in full.  C.R. doc. 96.

With pretrial motions complete, Mr. Waters proceeded to trial, where he was convicted on all six counts.   Following the trial, Waters moved, *pro se*, for a new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  C.R. doc. 192.  The petitioner would also file a motion to dismiss the discharging, Brandishing, or Possessing a Firearm During and in Relation to a Crime of Violence convictions.  C.R. doc. 195.  However, before this Court could rule on these pending motions, Mr. Waters filed an interlocutory appeal with the United States Court of Appeals for the Eighth Circuit, C.R. doc. 202, which was swiftly dismissed for lack of jurisdiction.  C.R. docs. 205, 206.  Not deterred, Waters would again seek an interlocutory appeal.  C.R. doc. 246.  And again, the Circuit Court denied the appeal for lack of jurisdiction.  C.R. docs. 250, 251.  Once this Court again had jurisdiction over the matter, it denied, in an exhaustion Memorandum and Order, the petitioner's motions for a new trial and motion to dismiss. C.R. doc. 253.

After this Court sentenced Waters, the appellate court finally had jurisdiction to entertain his appeal.  C.R. docs, 282, 284.  Finally holding jurisdiction, the Eighth Circuit affirmed Waters' conviction.  United States v. Waters, 2022 WL 351194 (8th Cir. Feb. 7, 2022) (per curiam).

However, while his appeal was pending before the Eighth Circuit, the petitioner filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. 1.  Because the appellate court has released its opinion in this matter, this Court may now properly assess the merits of the petitioner's three claims: (1) ineffective assistance of counsel on the part of trial counsel Robert Rohl, in violation of Waters' Sixth Amendment Rights under the United States Constitution, as set forth in Strickland v.

Washington, 466 U.S. 668 (1984), and its progeny; (2) again argues that his inculpatory statements to law enforcement were violative of his Fifth Amendment Rights under the United States Constitution, as laid out in Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny; and (3) that the United States unconstitutionally withheld evidence favorable to him at trial.  Upon initial review, all three claims should be dismissed in their entirety.

## II.    DISCUSSION

### A.  Whether Motion can be Entertained

Mr. Waters filed this motion while his direct appeal was pending.  It is a well-settled understanding that § 2255 motions cannot be entertained "while an appeal from conviction is pending."  Masters v. Eide, 353 F.2d 517, 518 (8th Cir. 1965) (per curiam) (internal citations omitted).  A "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."  United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989) (*quoting* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam)).  This Court does not even hold jurisdiction to entertain such an appeal pending a direct appeal: filing an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Id. (*quoting* Griggs, 459 U.S. at 58).

While the petitioner improperly filed this motion while his direct appeal laid pending, the Eighth Circuit has since denied his appeal and issued its mandate.  See C.R. docs. 296 (Eighth Circuit opinion), 298 (mandate).  Accordingly, this Court may now entrain Waters' petition.

### B.  Standard of Review

To support a claim of ineffective assistance of counsel, a two-prong test must be met.  Mr. Waters must show that his trial counsel's performance was constitutionally deficient and that he was prejudiced as a result.  Dorsey v. Vandergriff, 30 F.4th 752, 757 (8th Cir. 2022).  See Strickland v. Washington, 466 U.S. 668, 687–96 (1984).  The petitioner must prove prejudice by showing "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Donelson v. Steele, 16 F.4th 559, 570 (8th Cir. 2021) (*quoting* Strickland,

466 U.S. at 694).  See Fast Horse v. Class, 87 F.3d 1026, 1028 (8th Cir. 1996) ("When 'it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, [that] course should be followed.'") (*quoting* Strickland, 466 U.S. at 697).

The heavy burden of establishing ineffective assistance of counsel is on the petitioner.  Langford v. United States, 993 F.3d 633, 637 (8th Cir. 2021); Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019).  "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 6 (2003).

### C. **Whether Trial Counsel was Constitutionally Ineffective**

Petitioner first levies an ineffective assistance of counsel claim against one of his former attorneys, Robert Rohl.[2]  With little substantiation, Waters contends that Mr. Rohl did not (1) pursue enough legal research during the pretrial period which could have bolstered his self-defense for shooting the two victims; (2) calling specific witnesses to testify at trial; (3) and offered a conclusory assertion of not "filing motions on [his] behalf to challenge fundamental issues with [his] case; (4) and because he was not informed of any plea deals.  MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, doc. 1 at 4.  Each are addressed in turn.

### 1. *Pre-Trial Legal Research*

First, the Court tackles whether Mr. Rohl was constitutionally defective for his pretrial research.  Not only does Waters fail to provide any indicia of what additional research would have uncovered, but Rohl *did* clearly pursue ample research in preparation for trial.  Mr. Rohl filed a post-evidentiary hearing memorandum in support of former counsel John Rusch's motion to suppress audio, video, and other statements made by the defendant to law enforcement.  See C.R. doc. 83.  Rohl provided forceful analysis of binding precedent before the Magistrate Judge tasked with the underlying suppression motion.  However, even the most competent attorney could not succeed when up against such clear binding case law to the contrary.  Trial counsel also objected

---

[2] Mr. Waters already has tried to levy an ineffective assistance of counsel claims in the underlying criminal proceedings. See doc. 253 at 41–42, 45–47.

to Judge Wollman's Report and Recommendation concerning the suppression motion, to further support his client's request to exclude his prior statements to law enforcement. C.R. doc. 91.

Rohl did not stop there in providing motions and briefing before this Court in advance of trial. He also submitted motions in limine and accompanying briefing concerning the extent of victims' injuries, while also pushing against the United States' motions in limine. C.R. doc. 108–10. Mr. Rohl also argued against the full use of specific witnesses offered by the government, C.R. docs. 111, 112, 121–23, and against specific exhibits proposed by the United States, C.R. docs. 130–32. No further pretrial legal research would have altered the suppression motion's disposition, nor would it have bolstered the self-defense claim presented at trial by Rohl.

## 2. *Failing to Call Unnamed Witnesses at Trial*

Next, Waters makes a passing reference to Rohl's purported failure to "calling witnesses to court to testify at [*sic*] trial." MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, doc. 1 at 4. Who are these witnesses that Rohl failed to call? The petitioner has not said.

This Court has already dispelled of arguments surrounding witnesses the petitioner's trial counsel did not call. First, this Court has previously explained how the government's witness Lance Leftwich was subpoenaed, but ultimately could not be located for trial. And as this Court has already held, "[t]he defendant's claim regarding the absence of Mr. Leftwich is without merit." C.R. doc. 253 at 39. Rohl could not conjure witnesses out of thin air. Accordingly, there was nothing more to be done concerning Mr. Leftwich.

The petitioner has previously raised questions surrounding Alyson Caldwell's failure to appear for trial. And like before, this Court noted that Waters' "assertions do not match up with the record before the court." Id. at 42. This matter can easily be disposed because Caldwell *was called* by Rohl to testify. However, the United States Marshals Service could not locate her prior to trial. Mr. Rohl was not tasked with being a bounty hunter in addition to his tasks as trial counsel; accordingly, the fact Caldwell

could not be located does not offer a modicum of weight towards an ineffective assistance of counsel claim.

Next, straining to find a semblance of argument behind Waters' barebones argument, the Court turns again to Tammy Eagle Bull. See id. at 43–45. Ms. Eagle Bull was ultimately not called to testify by Mr. Rohl. Because the petitioner fails to explain what Eagle Bull would testify to, how it would affect the trial, or simply whether this is the mysterious witness Rohl failed to call, this claim cannot go forward. Similar logic applies to Rico Iron Bear. See id. at 45–46.

### 3. *Not Filing Motions on "Fundamental Issues" in Case*

The petitioner also takes issue with Mr. Rohl not filing issues concerning "fundamental issues with [his] case." MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, doc. 1 at 4. However, again, Waters does not state what such fundamental issues with his case were. The Eighth Circuit has already soundly rejected challenges concerning the composition of the jury pool, whether jurors committed prejudicial misconduct, whether witnesses perjured themselves, entitlement to less-included offenses before the jury, whether the government failed to disclose material evidence, or whether he can challenge his own evidence from trial. Waters, 2022 WL 351194, at *1. Without explaining what other fundamental issues, he now takes issue with, this ground for relief should be denied.

### 4. *Not Being Offered a Plea Deal*

Finally, for this claim the petitioner argues Mr. Rohl was ineffective for failing to inform him of any plea deals. MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, doc. 1 at 4. Waters fails to explain how Rohl was deceptive in any possible plea negotiations, or in a failure to secure a favorable plea. This also must be measured against the strong case possessed by the government, a case that ultimately led to convictions on all counts. Further, "[a] criminal defendant has no constitutional right to bargain for a plea arrangement with the government." Stokes v. Armontrout, 851 F.2d 1085, 1089 (8th Cir. 1988) (citing Weatherford v. Bursey, 429 U.S. 545, 561 (1977)). Accordingly, this claim has no merit.

6

### D. Recycle Argument Concerning Miranda Rights

Mr. Waters' second claim for relief rests not on ineffective assistance of counsel, but on a purported violation of his privilege against self-incrimination, as explained in Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny. See MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, doc. 1 at 5–6. However, this Court is foreclosed from exploring this matter further: the appellate court has already "conclude[d] that the challenged statements were admissible," and that they "were made on his own initiative," some being "related to public safety," and "others were responses to requests for clarification." Waters, 2022 WL 351194, at 1. In the face of binding commands from the Eighth Circuit in this matter, the Court's analysis must stop here and hold that this claim should be denied.

### E. Rehashed Argument About Purported Government Withholding of Evidence

Finally, the petitioner argues that his conviction was "obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable" to him. MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, doc. 1 at 6. But like his second ground for relief, *supra*, the Eighth Circuit already foreclosed this issue on direct appeal. See Waters, 2022 WL 351194, at *1 ("He has not raised a colorable challenge to . . . have the government disclose anything else."). This claim also must fall.

### III.    CONCLUSION

While the petitioner was too hasty in petitioning this Court for collateral review, all three claims for relief have been analyzed on their merits following the Eighth Circuit's opinion in this matter. Because (1) trial counsel Rohl was constitutionally sound in his representation; (2) statements made to law enforcement by the petitioner were not violative of his Fifth Amendment rights; and (3) because there is no meaningful showing of evidence that was unconstitutionally withheld by the United States at trial, Watesr' motion should be denied on initial review.

IT IS HEREBY ORDERED that petitioner Lester Waters, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, doc. 1, is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner was found guilty of two counts of Assault with a Dangerous Weapon; two counts of Assault Resulting in Serious Bodily Injury; and two counts of Discharging, Brandishing, or Possessing a Firearm During and in Relation to a Crime of Violence. Mr. Lester Watesr, Jr. was sentenced to time served on the Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury convictions, followed by three years of supervised release to run concurrently to each other and all other sentences of supervised release; 120 months imprisonment for the first Discharging, Brandishing, or Possessing a Firearm During and in Relation to a Crime of Violence conviction, followed by three years of supervised release to run concurrent to all other sentences of supervised release; and 120 months imprisonment on the second Discharging, Brandishing, or Possessing a Firearm During and in Relation to a Crime of Violence conviction, followed by three years of supervised release to run concurrent to all other sentences of supervised release. Her direct appeal following sentencing was denied. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel; that his conviction was obtained by violation of his rights against the Fifth Amendment to the United States Constitution; and that his conviction was obtained through the unconstitutional failure of the prosecution to disclose to him favorable evidence, violative of his Fifth Amendment rights. I summarily denied the Motion to Vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion.  Any application for a certificate of appealability is denied.  This is no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Federal Rule of Appellate Procedure 22.

DATED this _16th_ day of May, 2022

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

9